### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANE DOE,<br><br>       Plaintiff,<br><br>v.<br><br>KANSAS DEPARTMENT FOR AGING AND DISABILITY SERVICES et al.,<br><br>       Defendants. | Case No. 25-2270-JWB-ADM |

### **REPORT AND RECOMMENDATION**

On May 21, 2025, the court issued an Order to Show Cause to plaintiff Jane Doe, directing her to show cause by June 6, 2025, why the court should not recommend that the district judge dismiss this action without prejudice because plaintiff is not allowed to proceed by way of pseudonym unless the court grants her leave to do so. (ECF 6.) The court pointed out that proceeding under a pseudonym in federal court is unusual, as the Federal Rules of Civil Procedure do not contemplate the anonymity of parties. (*Id*. at 2 (citing FED. R. CIV. P. 10(a) & 17(a)).) The court further explained that a plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness. (*Id*. at 2-3.) The court warned plaintiff that the only way to proceed with this case was to either (1) file an amended complaint that substitutes plaintiff in her real name or (2) file a persuasive motion that demonstrates that the circumstances here warrant proceeding under a pseudonym. Plaintiff has not filed any response to the court's order to show cause or otherwise taken further action in this case.

1

On May 21, the court also issued an order denying without prejudice plaintiff's Motion for Leave to Proceed in forma pauperis because plaintiff had filed a form financial affidavit for a motion seeking permission to *appeal* in forma pauperis, instead of the form financial affidavit for a case in the District of Kansas. (ECF 5.) The court directed plaintiff, by June 13, 2025, to either (1) pay the court filing fee; or (2) file a renewed motion for leave to proceed in forma pauperis and attach thereto the correct financial affidavit. The court specifically warned plaintiff that if she took neither action, the court likely would dismiss her case. (*Id.*) Despite this warning, plaintiff has not taken any further action in this case.

The court is unable to move this case toward resolution without plaintiff's participation as a named party proceeding under her real name. Moreover, the court specifically warned plaintiff that, if she did not timely pay the court filing fee or file a proper renewed motion for leave to proceed in forma pauperis, the court would recommend dismissal of her claims. Where a plaintiff fails to comply with a court order or rule or fails to prosecute the case, a district court has discretion to dismiss the action under Federal Rule of Civil Procedure 41(b). *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007). "When dismissing a case without prejudice, 'a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.'" *AdvantEdge*, 552 F.3d at 1236 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007)).

Because plaintiff has failed to comply with court orders, failed to comply with FED. R. CIV. P. 10(a) & 17(a)), and failed to respond to the May 21, 2025, Order to Show Cause, the court recommends that the district judge dismiss her claims against defendants without prejudice. *See Faircloth v. Hickenlooper*, 758 F. App'x. 659, 662 (10th Cir. 2018) (upholding dismissal where

plaintiff failed to update his address or respond to a show cause order that warned him dismissal would be recommended if he failed to timely comply); *Candelaria v. Centurian Corr. Med. Servs.*, 347 F. Supp. 3d 651, 652 (D.N.M. 2018) (dismissing a pro se litigant's complaint without prejudice after he failed to comply with the local rule requiring him to apprise the court of his current address and failed to respond to an order to show cause); *Gross v. Dunn*, No. 18-3018-SAC, 2018 WL 5807117, at *1 (D. Kan. Nov. 6, 2018) (same).

\* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(2), and D. KAN. RULE 72.1.4(b), plaintiff may file written objections to this report and recommendation within fourteen days after being served with a copy. If plaintiff fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that this case be dismissed without prejudice pursuant to Rule 41(b).

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Report and Recommendation to plaintiff via regular and certified mail.

Dated June 24, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge